**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**January 25, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-20901
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WILLIAM GLENN CHUNN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:04-CR-153-ALL
--------------------

Before BARKSDALE, STEWART, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

William Glenn Chunn appeals the sentence following his
guilty plea conviction to possessing 50 grams or more of
methamphetamine with intent to distribute, to possessing a
firearm during and in relation to a drug-trafficking offense, and
to being a felon in possession of a firearm.  Chunn asserts that
because the district court calculated the relevant drug quantity
by adding a quantity of pseudoephedrine that Chunn did not admit
to possessing, the sentence violated the Sixth Amendment pursuant

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

to United States v. Booker, 125 S. Ct. 738 (2005). Because Chunn raised this objection in the district court, this court will ordinarily remand for resentencing, unless the Government can show that the court's sentencing error was harmless beyond a reasonable doubt. United States v. Pineiro, 410 F.3d 282, 284 (5th Cir. 2005).

The Government asserts that because Chunn was sentenced in the middle of the applicable guideline range, the sentence was harmless. This court has rejected such an assertion. See United States v. Garza, 429 F.3d 165, 170-71 (5th Cir. 2005). Because the Government cannot show that the district court would have imposed the same sentence in the absence of the pseudoephedrine quantity used, the judgment of the district court is VACATED and the case is REMANDED to the district court for resentencing for the drug conviction.